N THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV169-1-W
3:05CR236

| DENNIS BLACK, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | **O R D E R** |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

**THIS MATTER** comes before the Court for an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed April 20, 2009. For the reasons stated herein, Petitioner's Motion to Vacate is dismissed.

## PROCEDURAL HISTORY

On May 25, 2005, Petitioner was one of three individuals named in a seven-count Bill of Indictment. Count One charged Petitioner with conspiracy to manufacture and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Count Four charged Petitioner with possession of precursor chemicals with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841(c). Count Five charged Petitioner with using and carrying a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). On May 23, 2006, the parties filed a plea agreement with the Court. On June 1, 2006, at his Rule 11 hearing, Petitioner, in accordance with the terms of his plea agreement, pled guilty to

Count One.[1]  On March 9, 2007, at Petitioner's sentencing hearing, this Court sentenced Petitioner to 172 months imprisonment.  Petitioner directly appealed his sentence and conviction to the United States Court of Appeals for the Fourth Circuit.  On January 17, 2008, the Fourth Circuit dismissed Petitioner's appeal on the basis that he had knowingly and voluntarily waived his right to appeal.

On April 15,[2] 2009, Petitioner timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence.  In his Motion to Vacate Petitioner asserts that he received ineffective assistance of counsel during his criminal proceeding.

## ANALYSIS

### I. INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief on the claims set forth therein.  In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

---

[1] In accordance with the terms of the plea agreement, the Government dismissed Counts Four and Five.

[2] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276.  Applying the reasoning of the Houston case to Petitioner's filing of his Motion to Vacate, his Motion to Vacate would be deemed filed on the date he delivered it to prison officials for forwarding to the district court. Reviewing Petitioner's filing and applying the rule set forth in Houston, this Court finds that based on the information presently before this Court, Petitioner's § 2255 motion should be deemed filed on April 15, 2009, which is the date that Petitioner certified that he placed his motion in the prison mailing system.

Following such directive, this Court has reviewed Petitioner's Motion to Vacate and the pertinent record evidence. As hereafter explained, such review clearly establishes that Petitioner is not entitled to any relief on his claims.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Standard of Review

Petitioner's contentions that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988).

**B. Plea Advice**

Petitioner alleges that his guilty plea was involuntary and unintelligent because he received ineffective assistance of counsel. More specifically, Petitioner alleges that his counsel erroneously informed him that he was facing a sentence of five to six years and that he "could receive a one year sentence reduction pursuant to 18 U.S.C. § 3621(e), upon completion of a residential drug program . . . ." Petitioner asserts that he has since learned that because his drug offense was enhanced for firearm possession under U.S.S.G. § 2D1.1(b)(1), he was "categorically ineligible for such reduction . . . ." Petitioner asserts that he relied on this erroneous advise when making his decision to plead guilty and if he had known he was not eligible for the reduction, he would not have pled guilty.

Even if Petitioner's counsel did not properly inform Petitioner with regard to his sentencing exposure, Petitioner's ineffective assistance of counsel claim on this basis fails because he cannot establish that he was prejudiced. At his Rule 11 hearing, the Petitioner swore under oath[3] that he understood that the minimum penalty he faced was ten years[4] imprisonment and the maximum term of imprisonment he faced was life. (Plea Hearing Trans. pp. 7, 15-16). In addition, Petitioner swore that he understood that the Court was unable to

---

[3] In reaching a decision on this case the Court, in accordance with the law, has placed great weight on the Petitioner's representations at his Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977)(representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding); see also United States v. DeFusco, 949 F.2d 114,119 (4th Cir. 1991)(statements made by a defendant during a Rule 11 proceeding constitute strong evidence of the voluntariness of the plea).

[4] The pre-sentence report indicates that the parties agreed that the applicable statutory term of imprisonment was not less than five years but not more than forty years. (Presentence Report ¶ 3.)

determine the applicable sentencing range until after his pre-sentence report was prepared. (Plea Hearing Trans. p. 8.) Petitioner further stated that he realized that his sentence could be higher or lower than the guideline range and that his sentence might be more severe than he expected. (Plea Hearing Trans. pp. 8-9). Significantly, Petitioner swore under oath that no one had made him a promise of leniency to induce him to plead guilty. (Plea Hearing Trans. p. 17.) Petitioner stated that he was satisfied with the services of his attorney. (Plea Hearing Trans. p. 18.) When asked if he had any questions or would like to make any statements, Petitioner stated that he did not. (Plea Hearing Trans. pp. 11-12).

Based upon this record, this Court concludes that Petitioner was aware that his sentence was not yet determined and that he could receive a sentence up to life imprisonment.[5] As such, even if his counsel misinformed him as to his likely sentence and the possibility of receiving a one year sentence reduction for completing a residential drug treatment program, any such misinformation was offset by the questions and responses at his plea hearing. Consequently, Petitioner cannot establish that he was prejudiced and his ineffective assistance of counsel claim on this basis fails.

**B. Sentencing**

Petitioner also alleges that his counsel was ineffective for failing to object when the Court "improperly considered favorable plea agreement terms regarding drug amount stipulation and dismissal of a firearms count as a basis for denial of Presentence Report objections to other

---

[5] Again, the Court notes that the parties later agreed that the applicable statutory term of imprisonment was not less than five years nor more than forty years imprisonment. (Presentence report ¶ 3.) For obvious reasons, such a change does not serve to strengthen Petitioner's argument.

5

Guideline enhancements." (Mot. to Vac. Memo. 2.)

While this Court noted the favorable terms of Petitioner's plea agreement, such terms did not influence the Court's rulings on the gun enhancement, the risk to minor enhancement, or the supervisory enhancement. The record is clear that after extensive testimony by a federal drug enforcement agent and lengthy arguments by both counsel, each objection was given full consideration on its own merit. (Mar. 5, 2007, Sent. Hearing Trans. pp.15-40.) Indeed, the Court ruled in favor of Petitioner with regard to his objection to an enhancement for a supervisory role. (Id. at 40.)

Petitioner also asserts that his counsel failed to properly investigate and present evidence regarding objections to the enhancement for risk of harm to a minor and possession of a firearm by a co-defendant. Both of these objections were vigorously argued by counsel. An unfavorable result does not automatically equate with a deficient performance. Moreover, Petitioner has completely failed to present any specific evidence that should have been presented which would have led this Court to conclude that the enhancements were not warranted. Mere speculation is insufficient to establish a claim.

Petitioner also alleges that his counsel failed to request a two-point safety-valve reduction.[6] Petitioner also asserts that his counsel failed to take various actions with regard to the presentation of the safety valve argument. As indicated by the record, this issue was

---

[6] One of the safety valve provisions requires that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all of the information and evidence the defendant has . . . ." U.S.S.G. § 5C1.2(5).

thoroughly addressed at a continued sentencing hearing. Petitioner's present parsing[7] of what he said at his proffers and what his co-defendants said is unavailing. Had Petitioner presented such testimony at his sentencing hearing this Court would not have found that he satisfied the fifth prong of the safety valve provision. Petitioner also appears to take issue with the presentation by the Government of hearsay testimony. Such testimony is allowed at sentencing. As such, Petitioner has, at a minimum, failed to establish that he was prejudiced.

Petitioner also asserts that his counsel should have requested a variance sentence because he never sold his portion of the methamphetamine. As an initial matter, this Court notes that after providing an impassioned argument, Petitioner's counsel did request a variance at sentencing and his request was denied. (Mar. 5, 2007 Sent. Hearing Trans. p. 54.) Moreover, as indicated by the record, Petitioner himself informed this Court at sentencing that he had never sold any of the methamphetamine that was manufactured. (Mar. 5, 2007, Sent. Hearing Trans. p. 46.) Nevertheless, after taking the guidelines and the factors set forth in 18 U.S.C. § 3553(a) into consideration, the Court declined to grant Petitioner a variance. Had counsel specifically requested a variance based upon the fact that Petitioner did not himself sell the manufactured methamphetamine, this Court would not have granted such a request. Consequently, this Court holds that Petitioner's counsel was not ineffective because, at a minimum, Petitioner was not prejudiced,

Petitioner also alleges that counsel was ineffective for failing to request that a higher standard of proof be used in determining the application of sentencing enhancements. Counsel

---

[7] Indeed, with reference to the conspiracy's time frame, at his sentencing hearing on March 9, 2007, Petitioner stated, under oath, that "I stand by what I said." (Mar. 9, 2007, Sent. Hearing Tans. p. 24.)

was not ineffective for failing to make such a request because the Fourth Circuit has repeatedly upheld the use of the preponderance of the evidence standard when determining the applicability of enhancements. See e.g., United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005)(after Booker "decisions about sentencing factors will continue to be made by judges, on the preponderance of the evidence . . . ."); United States v. Miles, No. 08-4769, 2009 WL 1101611, * 1 (4th Cir. Apr. 24, 2009)(unpublished); United States v. Bullard, 301 Fed. App'x 224, 229 (4th Cir. 2008)(unpublished). Likewise, because any such objection would have been overruled by the Court, Petitioner was not prejudiced. Consequently, Petitioner's ineffective assistance of counsel claim on this basis fails.

Finally, Petitioner asserts that his counsel was ineffective for failing to object when this Court stated at sentencing that a sentence under the guidelines was presumptively reasonable. Petitioner's ineffective assistance of counsel claim on this basis fails because Petitioner has not articulated how his counsel's failure to object on this basis prejudiced him. Notwithstanding this Court's statement that a guideline sentence was to be presumed reasonable, this Court explicitly noted that the guidelines were advisory. This Court also carefully weighed all of the factors set forth in § 3553(a) before determining Petitioner's sentence. After considering all of the relevant factors, this Court sentenced Petitioner to the length of time it felt appropriate with or without the application of the presumption. Petitioner has not established that had his counsel objected the outcome would have been any different. Moreover, Petitioner has not established that there is a reasonable probability that but for his counsel's failure to object to this Court's statement, he would not have pleaded guilty and would have insisted on going to trial. Consequently, as it is a petitioner's burden to establish prejudice, his claim is dismissed.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence conclusively shows that Petitioner is not entitled to any relief on his claims. Therefore, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires this Court to <u>dismiss</u> the instant Motion to Vacate.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: August 3, 2009

Frank D. Whitney
United States District Judge